IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL E. JOHNSON, #335-470          *
        Plaintiff,

                                  *

      v.                                      CIVIL ACTION NO.  JFM-08-2106

                                  *

SGT. FRANKLIN, et al.,
        Defendants.                      *

                                ******

## **MEMORANDUM**

On August 13, 2008, pro se plaintiff Michael E. Johnson, an inmate currently incarcerated at the Patuxent Institution in Jessup, Maryland, filed a civil rights complaint pursuant to 42 U.S.C. §1983 seeking money damages.  Paper No. 1.  Pending before the court are defendants' dispositive motions  (*see* Paper Nos. 11 and 18), which shall be treated as motions for summary judgment. Plaintiff has not filed a response.[1]  No hearing is needed to resolve the pending dispositive motions. *See* Local Rule 105.6 (D. Md. 2008).   For the reasons that follow the motions SHALL BE GRANTED.

## **Factual and Procedural  Background**

Plaintiff alleges that he was treated cruelly and harassed by Sgt. Franklin, who verbally abused plaintiff and interfered with his medical treatment.  Plaintiff also states that Nurse Teach gave him the wrong medication, penicillin, which if taken by him would have caused serious injury due to an allergy.  Lastly, plaintiff claims that Warden Rouse, was responsible for the actions of Teach and Franklin.  Paper No. 1.

---

[1]  Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on November 13, 2008 and February 5, 2009,  plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  Paper Nos. 12 and 19. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

Also pending is defendant's motion for extension of time within which to file a dispositive motion (Paper

**Standard of Review**

A motion for summary judgment is governed by Fed. R. Civ. P. 56(c) which provides that [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

---

No. 9) which shall be granted nunc pro tunc.

### Analysis

#### A.  Respondeat Superior

Plaintiff's allegation against Warden Rouse  is based solely upon the doctrine of *respondeat superior*.   It is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).  Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Rouse that resulted a constitutional injury.  Accordingly, plaintiff's claims against Warden Rouse shall be dismissed.

#### B.  Medical Care

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and

imposed by a criminal judgment." *De Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), citing *Wilson v. Seiter,* 501 U.S.294, 297 (1991). To state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that the actions of defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574,

4

577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Plaintiff has failed to demonstrate that he has been denied medical care.  Plaintiff has a history of schizophrenia, schizo-affective type, Hepatitis C, and an old fracture of the left radius and ulna near the wrist.  Plaintiff's allergy to penicillin is documented throughout his medical chart. Paper No. 11, Ex. A.  In July, 2008,  plaintiff was prescribed Zithromax and Avelox for an ear infection and Cipro for a urinary tract infection.  None of the antibiotics prescribed contain penicillin, nor are any of the medications in the same class of prescription drugs as penicillin.  Teach was aware of plaintiff's penicillin allergy and she avers that she did not attempt to administer penicillin to him.  *Id.*  Even if plaintiff's claims are true and  penicillin was inadvertently dispensed to him, he did not ingest it, and therefore did not suffer any injury.  Moreover, a claim that the wrong medication was dispensed amounts to no more than a claim of negligence which does not rise to a constitutional level.  *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith***,** 662 F. Supp. 352, 361 (D. Md. 1986).

Additionally, the named correctional defendants have no direct personal involvement in plaintiff's medical or psychological care.  *See West v. Adkins*, 815 F. 2d 993 (4th Cir. 1987). Franklin avers that he has not prevented plaintiff from receiving medical care. Paper No. 18, Ex. 4. Further,  plaintiff has not demonstrated how he was injured as a result of  Franklin's conduct. Accordingly, defendants are entitled to summary judgment.

**C.     Harassment**

The court must first examine defendants' assertion that plaintiff's claim concerning harassment by Franklin should be dismissed in its entirety due to plaintiff's failure to exhaust

available administrative remedies[2]  The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to plaintiff's allegations.  His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the

---

[2]  Defendants do not contend that Plaintiff failed to exhaust his administrative remedies as to his other allegations.

exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.  If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

It is undisputed that plaintiff filed an Administrative Remedy Procedure at the institutional level, alleging that Franklin harassed and cursed him.  The ARP complaint was investigated and found to be without merit.  Paper No. 18, Exs. 1 and 2.    On September 22, 2008, plaintiff sent a letter to Warden Rouse indicating that he would dismiss all suits against Rouse and Franklin.  *Id.*, Ex. 3.  Plaintiff did not appeal his ARP to the Inmate Grievance Commission.  *Id.*, Ex. 5. It is clear that plaintiff has failed to exhaust his administrative remedies as to his claim of harassment and the claim is therefore subject to dismissal.

Even if plaintiff had exhausted his administrative remedies, his claim would fail. Verbal abuse of inmates by guards, without more, states no claim of assault. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979);  *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D. N.C. 1990). Plaintiff's claim that Franklin harassed him is insufficient to state a constitutional claim. To the extent that plaintiff somehow contends that defendants' statement somehow placed him in danger, he has not alleged an adequate injury to state a claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (serious injury required in order to state a failure to protect claim); *see also Siegert v. Gilley* 500 U.S. 226, 234-35 (1991).

7

## **Conclusion**

For the reasons stated above, defendants' motions for summary judgment shall be granted. A separate order follows.

September 3, 2009                                      /s/
Date                                                  J. Frederick Motz
                                                      United States District Judge